IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | File No. |
| M. CACERES ENTERPRISES, INC. and | ) | |
| ZIMMERMANN ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants', M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, M. CACERES ENTERPRISES, INC. (hereinafter "M. CACERES ENTERPRISES, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, M. CACERES ENTERPRISES, INC., may be properly served with process via its registered agent for service, to wit:  Maria A. Caceres, Registered Agent, 1424 Old Orchard Drive, Irving, TX  75061.

9.      Defendant, ZIMMERMANN ENTERPRISES, LLC (hereinafter "ZIMMERMANN ENTERPRISES, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10.      Defendant, ZIMMERMANN ENTERPRISES, LLC, may be properly served with process via its registered agent for service, to wit:  Michael D. Zimmerman, Registered Agent, 6220 Campbell Road, #104, Dallas, TX  75248.

## FACTUAL ALLEGATIONS

11.     On or about August 14, 2019 Plaintiff was a customer at "Santa Rosa Restaurant," a business located at 3720 W. Walnut Hill Lane, Dallas, TX  75229, referenced herein as the "Santa Rosa Restaurant."

12.     Plaintiff visited Santa Rosa Restaurant as a customer and advocate for the disabled, while there, she was planning on paying for the meal herself, but two gentlemen paid for her food out of the kindness of their hearts.

13.     Santa Rosa Restaurant is operated by Defendant, M. CACERES ENTERPRISES, INC.

14.     M. CACERES ENTERPRISES, INC is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

15.     ZIMMERMANN ENTERPRISES, LLC is the owner or co-owner of the real property and improvements that Santa Rosa Restaurant is situated upon and that is the subject of this action, referenced herein as the "Property."

16.     Plaintiff's access to the business(es) located at 3720 W. Walnut Hill Lane, Dallas, TX  75229, Dallas County Property Appraiser's account number 000000531826000000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Santa Rosa Restaurant and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Santa Rosa Restaurant and the Property at least once before as a

customer and advocate for the disabled.  Plaintiff intends on revisiting Santa Rosa Restaurant and

the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint

are removed and Santa Rosa Restaurant and the Property is accessible again.  The purpose of the

revisit is to be a regular customer, to determine if and when Santa Rosa Restaurant and the Property

is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18.    Plaintiff intends on revisiting Santa Rosa Restaurant and the Property to purchase

food and/or services as a regular customer living in the near vicinity as well as for Advocacy

Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a

futile gesture of visiting the public accommodation known to Plaintiff to have numerous and

continuing barriers to access.

19.    Plaintiff travelled to Santa Rosa Restaurant and the Property as a customer and as an

independent advocate for the disabled, encountered the barriers to access at Santa Rosa Restaurant

and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and

legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to

access present at Santa Rosa Restaurant and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §

12101 *et seq*.

21.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental
disabilities, and this number is increasing as the population as a whole is
growing older;

(ii)   historically, society has tended to isolate and segregate individuals with
disabilities, and, despite some improvements, such forms of discrimination

against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993

if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §
12181; 28 C.F.R. § 36.508(a).

25.    Santa Rosa Restaurant is a public accommodation and service establishment.

26.    The Property is a public accommodation and service establishment.

27.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department
of Justice and Office of Attorney General promulgated federal regulations to implement the
requirements of the ADA. 28 C.F.R. Part 36.

28.    Public accommodations were required to conform to these regulations by January
26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of
$500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29.    Santa Rosa Restaurant must be, but is not, in compliance with the ADA and
ADAAG.

30.    The Property must be, but is not, in compliance with the ADA and ADAAG.

31.     Plaintiff has attempted to, and has to the extent possible, accessed Santa Rosa
Restaurant and the Property in her capacity as a customer of Santa Rosa Restaurant and the
Property and as an independent advocate for the disabled, but could not fully do so because of her
disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations
that exist at Santa Rosa Restaurant and the Property that preclude and/or limit her access to Santa
Rosa Restaurant and the Property and/or the goods, services, facilities, privileges, advantages
and/or accommodations offered therein, including those barriers, conditions and ADA violations
more specifically set forth in this Complaint.

32.    Plaintiff intends to visit Santa Rosa Restaurant and the Property again in the very
near future as a customer and as an independent advocate for the disabled, in order to utilize all of

the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Santa Rosa Restaurant and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Santa Rosa Restaurant and the Property that preclude and/or limit her access to Santa Rosa Restaurant and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Santa Rosa Restaurant and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, are compelled to remove all physical barriers that exist at the Santa Rosa Restaurant and the Property, including those specifically set forth herein, and make Santa Rosa Restaurant and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Santa Rosa Restaurant and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Santa Rosa Restaurant and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Across the vehicular way from Unit 101, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    Across the vehicular way from Unit 101, due to an inadequate policy of maintenance, the accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii)   Across the vehicular way from Unit 101, the accessible parking space is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iv)    Due to an inadequate policy of maintenance, the ground surfaces of the accessible route leading from the accessible parking space near Unit 101 have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v)     Due to an inadequate policy of foliage maintenance, grass has been allowed to encroach into the sidewalk causing ground surfaces of the accessible route leading from the accessible parking space near Unit 101 have clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010

ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vi)     Between Units 103 and 105, the walking surfaces of the accessible route have a slope in excess of 1:20 in violation of Section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches, yet does not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards.  This violation made it difficult for Plaintiff to access the units of the Property.

(vii)    Between Units 107 and 109, the walking surfaces of the accessible route have a slope in excess of 1:20 in violation of Section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches, yet does not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards.  This violation made it difficult for Plaintiff to access the units of the Property.

(viii)   Across the vehicular way from Unit 115, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

9

(ix)     Across the vehicular way from Unit 115, due to an inadequate policy of maintenance, the accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x)      Across the vehicular way from Unit 115, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property, due to the lack of a ramp anywhere near the accessible parking space, in violation of Section 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xi)     The are approximately 217 parking spaces on the Property, yet there are only two marked accessible parking spaces when there should be seven accessible parking spaces, as such, the total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xii)    In Santa Rosa Restaurant, the vertical reach to the self-serve drink dispensers exceed the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(xiii)   At Santa Rosa Restaurant, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(xiv)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

SANTA ROSA RESTAUARANT RESTROOMS

(i)     The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)    The accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff and/or any disabled individual to utilize the restroom.

(iii)   The grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)     The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vi)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

11

(vii)     The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(viii)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(ix)      The stall door lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards.    This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Santa Rosa Restaurant and the Property.

37.     Plaintiff requires an inspection of Santa Rosa Restaurant and the Property in order to determine all of the discriminatory conditions present at Santa Rosa Restaurant and the Property in violation of the ADA.

38.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.      All of the violations alleged herein are readily achievable to modify to bring Santa Rosa Restaurant and the Property into compliance with the ADA.

40.     Upon information and good faith belief, the removal of the physical barriers and

dangerous conditions present at Santa Rosa Restaurant and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Santa Rosa Restaurant and the Property is readily achievable because Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, have the financial resources to make the necessary modifications.

42.     Upon information and good faith belief, Santa Rosa Restaurant and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Santa Rosa Restaurant and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive

relief to Plaintiff, including the issuance of an Order directing Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, to modify Santa Rosa Restaurant and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, M. CACERES ENTERPRISES, INC., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, ZIMMERMANN ENTERPRISES, LLC, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, M. CACERES ENTERPRISES, INC. and ZIMMERMANN ENTERPRISES, LLC, to (i) remove the physical barriers to access and (ii) alter Santa Rosa Restaurant and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: December 19, 2019.                    Respectfully submitted,

THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., Suite 100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS